

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 24, 2004

**BY COURIER**

Raymond E. Gillespie, Esq.
875 Massachusetts Avenue
Suite 31
Cambridge, MA 02139

  Re: United States v. Dana L. Rowell
    Criminal No. 04-10036-MEL

ROBERT B. COLLINGS
MAGISTRATE JUDGE

MAR 25 2004

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

Dear Attorney Gillespie:

  Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.** **Rule 16 Materials**

**1.** **Statements of Defendant under Rule 16 (a)(1)(A)**

  **a.** **Written Statements**

  Enclosed herein are copies of the defendant's arrest photographs taken by the Brockton Police Department at the time of his arrest on January 14, 2004 **(See Bates No. DR087)**, and the Brockton PD *Waiver of Miranda Rights Form*, signed by the defendant and dated January 14, 2004 **(See Bates No. DR088)**.

  There are no other relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

  **b.** **Recorded Statements**

  On January 14, 2004, following the robbery of Rockland Trust

Company Bank, a neighborhood investigation located a witness who after being shown a bank surveillance photograph of the robber, advised Brockton Police detectives that the robber was staying in Apt. # 35 at 32 High Street in Brockton, with an individual named Kenneth Hanks. The detectives went to that location and knocked on the door. Hanks opened the door, where the defendant was observed by the detectives sitting in the apartment smoking crack cocaine. After the defendant was arrested and advised of his *Miranda* rights, the defendant spontaneously stated that he had robbed the bank. **(See Bates No. DR089 - DR090)**.

After the defendant's arrest, while he was being transported to the Brockton Police Station, the defendant stated to Officer Daniel Matukas that he was "screwed" because he had also done two or three other robberies in Boston. Further, while at the Booking Desk, after being advised a second time of his *Miranda* rights and waiving those rights, the defendant told Officer Matukas that he robbed a Century Bank on Atlantic Avenue in Boston and a Citizens Bank in downtown Boston. Officer Matukas also asked the defendant whether he committed the robbery on Legion Highway in Brockton and showed the defendant a photograph of another bank, to which the defendant stated, "Ya, I did it." When asked how much money he took, the defendant stated that he couldn't remember.

Additionally, on January 14, 2004, after being advised a third time of his *Miranda* rights and waiving those rights, the defendant was interview by Brockton Police Detective John Lonergan and Officer Scott Besarick. During the interview, the defendant admitted that he had robbed the Rockland Trust Company that day as well as Security Federal Savings Bank on Legion Parkway on January 12, 2004, and also admitted robbing three banks in Boston sometime the previous week. **(See Bates No. DR084 - DR088)**. The defendant was also interviewed by Detective Jackie Congdon regarding the robbery of Federal Security Savings Bank on January 12, 2004. During the interview, the defendant told Detective Congdon, among other things, that he had robbed this bank, and that he had a "very bad" cocaine/crack problem and was just thinking about getting more money to support his habit. **(See Bates No. DR056 - DR058)**.

Finally, on January 14, 2004, after being advised a fourth time of his *Miranda* rights and waiving those rights, the defendant was interview by FBI Special Agents Thomas Finn and Robert Doherty. During the interview, the defendant stated that he had robbed a "little bank in the financial district" of Boston, possibly on Tuesday the week of January 6, 2004, and that he had handed the teller a note and the teller gave him around

$1,200. The defendant also stated that he robbed the Century Bank "on Atlantic Avenue at the Harbor Towers" in Boston, possibly on Thursday, January 8, 2004. The defendant stated that he did not use a note during that robbery, but told the bank teller that "[O]rdinarily I'd write you a note but I don't feel like it right now. But I'm robbing this bank." The defendant stated that the teller handed him between $1,200 and $1,300 in ten and twenty dollar denominations. The defendant also told the agents that he robbed the Citizens Bank in downtown Boston, possibly on Friday, January 9, 2004, and stated that he gave the teller a note and the teller handed him about $300 and a dye pack. The defendant also admitted that he had robbed the Rockland Trust Company and the Federal Security Savings Bank. Additionally, the defendant admitted to the agents that he robbed the five banks to sustain his cocaine habit. (*See* **Bates No. DR107 - DR112**).

There are no other relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

   c.   **Grand Jury Testimony of the Defendant**

The defendant did not testify before a grand jury in relation to this case.

   d.   **Oral Statements to Then Known Government Agents**

See Paragraph 1(b) above.

There are no other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.   **Defendant's Prior Record under Rule 16 (a)(1)(B)**

I believe you have received a copy of the defendant's prior criminal record from Pretrial Services. Notwithstanding, I enclose herein a copy of the defendant's Massachusetts criminal history records. (*See* **Bates No. DR114 - DR119**).

3.   **Documents and Tangible Objects under Rule 16(a)(1)(C)**

Enclosed herein are copies of the following documents, which represent all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's

3

defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case:

    a) Police report, FBI 302s (including, among other things, witness interviews, bank audit/amount of loss, and FDIC certification), and bank robbery demand note, relative to the January 6, 2004 robbery of Citizens Bank, located at 1 Financial Center/655 Atlantic Avenue, Boston, MA. (*See* **Bates No. DR001 - DR011**);

    b) Police report, FBI 302s (including, among other things, witness interviews, bank audit/amount of loss, and FDIC certification), and bank surveillance photographs, relative to the January 7, 2004 robbery of Century Bank, located at 280 Atlantic Avenue, Boston, MA. (*See* **Bates No. DR012 - DR044**);

    c) Police report, FBI 302s (including, among other things, witness interviews, bank audit/amount of loss, and FDIC certification), robbery demand note, and bank surveillance photograph, relative to the January 9, 2004 robbery of Citizens Bank, located at 40 Summer Street, Boston, MA. (*See* **Bates No. DR045 - DR052**);

    d) Police reports, FBI 302s (including, among other things, witness interviews, bank audit/amount of loss, and FDIC certification), robbery demand note, bank surveillance photographs, and *Miranda* waiver of rights form signed by defendant, Plymouth County Sheriff Department Fingerprint Identification Report, dated January 19, 2004, relative to the January 12, 2004 robbery of Federal Security Savings Bank, located at 40 Legion Parkway, Brockton, MA. (*See* **Bates No. DR053 - DR080**);

    e) Police reports, FBI 302s (including, among other things, witness interviews, bank audit/amount of loss, and FDIC certification), robbery demand note, bank surveillance photographs, *Miranda* waiver of rights forms signed by defendant, and arrest and booking reports, arrest photograph, relative to the January 14, 2004 robbery of Rockland Trust Company, located at 34 School Street, Brockton, MA. (*See* **Bates No. DR081 - DR107**);

    f) Personal History of the defendant completed at the time of his arrest. (*See* **Bates No. DR108**);

4

    g)    Additional FBI 302s, related to, among other things, defendant's confession given to agents on January 14, 2004. *(See Bates No. DR109 - DR113)*.

4. **Reports of Examinations and Tests under Rule 16 (a)(1)(D)**

Enclosed is a copy of a Plymouth County Sheriff Department Fingerprint Identification Report, dated January 19, 2004, and prepared by Robert Foley, which indicates that one latent print was developed and lifted from an envelope (upon which the robbery demand note was written) recovered from the robbery scene at Rockland Trust Company, and was positively identified as belonging to the defendant. *(See Bates No. DR072 - DR074)*.

There are no other reports of physical or mental examinations of the defendant.

B. **Search Materials under Local Rule 116.1(C)(1)(b)**

No searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C. **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

F. **Identifications under Local Rule 116.1(C)(1)(f)**

The defendant was the subject of an investigative identification procedure used with two witness, Paula Hird and Meredith Kirstis (Security Federal Savings Bank tellers), whom

the government anticipates calling in its case-in-chief involving a photo array of an image of the defendant. Ms. Hird was unable to clearly pick out the defendant from the photo array, and Ms Kirstis stated that she was unable to pick the robber out of the photo array because she did not get a "great" look at him. **(See Bates No. DR056 - DR0057; DR061).**

Additionally, the defendant was the subject of an investigative identification procedure used with a witness, Karlene Schulze (Rockland Trust Company teller) on January 14, 2004, whom the government anticipates calling in its case-in-chief involving a show up at the robbery scene of the defendant. Ms. Schulze positively identified the defendant as the person who robbed the bank.

G. **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H. **Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

I. **RECIPROCAL DISCOVERY**

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

J. **NOTICE OF ALIBI**

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment and criminal complaint in this case, copies of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3103 if you have any questions.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By: *[signature]*
                ANTOINETTE E.M. LEONEY
                Assistant U.S. Attorney

Enclosures
cc: Gina Affsa, Clerk
    to the Honorable Robert B. Collings (w/o enclosures)

7