UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
    )
    )
V.    )
    )    CRIMINAL No. 04-10036-MEL
DANA ROWELL,    )
    )
    Defendant    )

## DEFENDANT'S MOTION FOR SENTENCING OUTSIDE THE GUIDELINES OR, IN THE ALTERNATIVE, A DOWNWARD DEPARTURE WITHIN THE GUIDELINES

### Sentencing Outside The Guidelines

The above-named defendant, Dana Rowell, hereby moves this Honorable Court sentence him without regard to the mandatory dictates of the United States Sentencing Guidelines but, instead, impose a fair and just sentence based on all the circumstances of the instant offense as well as any other relevant factors including, but not limited to, his prior record and mitigating personal characteristics. More particularly, the defendant requests that this Court exercise its sound discretion to impose an appropriate and lawful sentence within the applicable minimum and maximum penalties provided by statute.

As reason therefore, defendant states that the constitutional validity of the United States Sentencing Guidelines has been seriously put into question by the recent decision of the United States Supreme Court in Blakely v. Washington, 159 L. Ed. 2d 403, 124 S. Ct. 2531(June 24, 2004). Defendant suggests this Court follow the example of District Judge Nancy Gertner and Chief District Judge William G. Young in holding the Guidelines unconstitutional in the cases of United States v. Mueffleman, 2004 U.S. LEXIS 14114 (July 26, 2004) and United States v. Green, 2004 U.S. Dist. LEXIS 11292 (June 18, 2004), respectively.

In both these cases, the Court found the Guidelines unconstitutional, as in the Blakely decision, because the post-conviction judicial fact-finding by a preponderance of the evidence

standard, as required by the federal sentencing scheme, is a violation of the Sixth Amendment right to trial by jury.

Although, the defendant has ostensibly admitted all relevant sentencing factors in his Rule 11 guilty plea already entered in this case and, thus, Blakely might not seem applicable to him, defendant maintains that the Sentencing Guidelines are not severable and therefore, may not be used to mandate a sentence in this case. See Mueffleman, supra.

### Downward Departure Within The Guidelines

In the alternative, defendant hereby moves this Honorable Court for a downward departure from the otherwise applicable Guidelines Sentencing Range of 70 to 87 months. In particular, defendant requests the Court impose a sentence of 36 months. As reason therefore, defendant states that he was the victim of severe childhood neglect and sexual abuse as an adolescent which caused him to suffer for many years from post-traumatic stress syndrome which was a substantial factor in his commission of the instant bank robbery offenses. A downward departure based on severe neglect and sexual abuse as a child is permitted in this circuit. United States v. Soto-Beniquez, 350 F.3d 31 (1st Cir. 2003); Palmer v. United States, No. 02-1181 (1st Cir. September 9, 2002)(unpublished opinion). See also, United States v. Rivera, 192 F.3d 81 (2nd Cir. 1999); United States v. Walter, 256 F.3d 891 (9th Cir. 2001) and United States v. Roe, 976 F.2nd 1216 (9th Cir. 1992). As indicated by the detailed report and evaluation of the defendant by Bernice Kelly, Ph.D., submitted under seal herewith, the instant case is clearly outside the heartland of typical bank robbery cases and a downward departure is justified.

I certify that I served this document by mailing / hand delivery of a copy of same to all counsel of record (or pro se parties) on 9/2/04

Respectfully submitted,
Dana Rowell,
By his Attorney,

Raymond E. Gillespie
B.B.O. # 192300
875 Massachusetts Avenue, Suite 32
Cambridge MA 02139
(617) 661-3222

mt-dd.alt

2